1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CLETE REO HART,                          No. CIV S-05-1581-LKK-CMK-P

12          Plaintiff,

13     vs.                                   ORDER

14  Y. CHENG, et al.,

15          Defendants.

16  _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
18  to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on August
19  10, 2005.
20          The court is required to screen complaints brought by prisoners seeking relief
21  against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.
22  § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or
23  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
24  from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,
25  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain
26  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

1

means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

## I. BACKGROUND

Plaintiff names as defendants Cheng and Portia, who are both librarians at the California Medical Facility. Plaintiff claims that, on May 1, 2004, he mailed two "state tort lawsuits" to the "Victim's Compensation Branch" and "Government Claims Board" in Sacramento, California. He states that he cannot remember what one of the lawsuits concerned, but that the other concerned plaintiff's assertion that his confidential information was being shared freely in the prison law library. Plaintiff states that these documents, along with others, were stolen. Plaintiff reaches this conclusion because he never received any response to the lawsuits. Plaintiff seeks monetary damages in the amount of $100,000,000.00, as well as various forms of injunctive relief.

## II. DISCUSSION

Plaintiff's complaint appears to attempt to state a claim based either on interference with his legal mail or denial of access to the courts. The court first notes, however, that plaintiff's complaint fails to set forth the required causal link between any possible constitutional deprivation and the named defendants. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he legally required to do that causes the deprivation of

which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, plaintiff's conclusory allegations to the effect that his legal mail must have been stolen because he received no response to them fails to meet this standard. In particular, plaintiff's statement of his claims is completely devoid of any reference to either named defendant. Plaintiff will be provided an opportunity to amend the complaint to set forth a specific connection between the alleged constitutional deprivations and each named defendant.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed on August 10, 2005, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: October 26, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE